IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BRUCE BECKER, | § | |
| | § | |
| *Plaintiff*, | § | 5-17-CV-00892-FB-RBF |
| | § | |
| vs. | § | |
| | § | |
| NANCY A. BERRYHILL, ACTING | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINSTRATION; | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the Rule 12(b)(1) Motion to Dismiss filed by Defendant Nancy A. Berryhill, Dkt. No. 8, and the Emergency Motion for Prohibitory Injunction, Temporary Injunction, or Alternatively Temporary Restraining Order filed by Plaintiff Bruce Becker, Dkt. No. 10.[1] Pursuant to 28 U.S.C. § 636(b), Rule 1(h) of Appendix C to the Local Rules, and the docket management order entered on September 29, 2017, in the San Antonio Division of the Western District of Texas, this action to review the decision of the Commissioner of Social Security has been referred to the undersigned for a report and recommendation.

---

[1] Having reviewed Becker's Emergency Motion for Prohibitory Injunction, Temporary Injunction, or Alternatively Temporary Restraining Order, Dkt. No. 10, upon filing, the undersigned determined that it did not warrant emergency consideration.

Having considered Berryhill's Motion to Dismiss, Dkt. No. 8, Becker's First Amended Original Complaint and Response in Opposition to Berryhill's Motion to Dismiss, Dkt. No. 11,[2] Becker's Emergency Motion for Prohibitory Injunction, Temporary Injunction, or Alternatively Temporary Restraining Order, Dkt. No. 10, Berryhill's Reply, Dkt. No. 14, Becker's Sur-Reply, Dkt. No. 15, and the entire record in this case, the undersigned **RECOMMENDS** that the District Court **GRANT** the motion to dismiss, Dkt. No. 8, and **DISMISS** this case for failure to exhaust administrative remedies as required by 42 U.S.C.§ 405(g). The circumstances presented do not merit judicially waiving § 405(g)'s exhaustion requirement and judicial review under any other statute Becker invokes as a basis for jurisdiction is improper. Additionally, although the Court need not reach the issue, the present controversy is likely moot in light of the Commissioner's October 3, 2017 decision to reinstate Becker's benefits and provide him with retroactive pay. Finally, Becker's motion for injunctive relief, Dkt. No. 10, should be **DISMISSED** for lack of jurisdiction. The requested relief relies on Becker's speculative fears concerning future, non-imminent, contingent events and is therefore not ripe for review.

## I.   Factual and Procedural Background

Plaintiff Bruce Becker has been a recipient of disability insurance benefits since March 2006. *See* Decl. of Cristina Prelle ¶ 3(a).[3] In or around September 2015, Becker alleges that he received a questionnaire from the Social Security Administration, which requested employment-related information. *See* Compl. at 1-2. Becker asserts that he completed the questionnaire with information concerning various volunteer roles he held over the years, and promptly returned it to the Social Security Administration. *Id.* On August 20, 2017, Becker, by and through his

---

[2] Dkt. No. 11 consists of Becker's First Amended Original Complaint, his Response in opposition to Berryhill's Motion to Dismiss, his Request for a Court Ordered Scheduling Order, Jury Demand, and Request for Declaratory and Injunctive Relief.

[3] The Prelle Declaration may be found at Dkt. No. 8-1.

representative payee, received a notice from the Social Security Administration stating without explanation that the Administration could no longer pay benefits as of August 2017. *See* Ex. 1 to Prelle Decl. The notice explained that if Becker disagreed with the termination, he could appeal the decision. *Id.* Becker appears to allege, and the Administration does not dispute, that he did not receive any advance notice before his benefits were terminated or an opportunity to contest the decision pre-termination. *See, e.g.,* Dkt. No. 11 at 7, 12. According to Becker, he first failed to receive his disability benefits on September 12, 2017. *Id.* at 12.

Becker did not appeal the decision; he instead initiated this action on September 13, 2017, proceeding pro se and *in forma pauperis*. *See* Compl. In his complaint, Becker asserts that his disability benefits were "unfairly removed" and contends that the Social Security Administration committed "several constitutional violations including both Due Process and Procedural Due Process violations" in terminating his benefits, including by failing to provide him "a full and fair trial prior to the removal of his benefits." *Id.* at 2-3. Becker seeks reinstatement of his disability benefits, as well as monetary damages in the amount of $100,000 for the Social Security Administration's "adverse removal of his benefits and the causing of emotional injury to himself and his family." *Id.* at 4.

On October 3, 2017, the Social Security Administration notified Becker, by and through his new representative payee, that on or around October 11, 2017, he would be receiving, through his representative payee, a lump sum payment of $3,150 for benefits that were due through September 2017. *See* Ex. 5 to Prelle Decl. The Social Security Administration further notified Becker that beginning on or around November 8, 2017 and continuing for each successive month thereafter, he would receive monthly payments in the amount of $1,357. *Id.*

On January 5, 2018, Defendant Nancy Berryhill, Acting Commissioner of the Social Security Administration, moved to dismiss Becker's claims for lack of subject matter jurisdiction, arguing that Becker failed to exhaust his administrative remedies prior to filing suit. Dkt. No. 8 at 1-5. Regardless, Berryhill argues, Becker's claims are moot in light of the October 11, 2017 determination. *Id.* at 6.

On January 17, 2017, Becker filed an amended complaint and response to Berryhill's motion. Dkt. No. 11. By way of this document, Becker appears to concede that he did not exhaust his administrative remedies. *See id.* at 6; *see also* Dkt. No. 15 at 4. Becker, however, asserts that the Court should judicially waive the exhaustion requirement because his interest in having the issue resolved promptly is so great that requiring administrative exhaustion under these circumstances would be inappropriate. *See* Dkt. No. 11 at 6 (citing *Matthews v. Eldridge*, 424 U.S. 319, 330 (1976)).[4] Becker also amended his complaint to clarify his various claims and requests for relief. Specifically, Becker claims that the Social Security Administration violated his Fifth and Fourteenth Amendment rights to due process when it discontinued his "[l]egally entitled Disability Benefit" without a hearing. *Id.* at 12-14, 16-17. Becker also challenges the constitutionality of the Social Security Administration, as well as its regulations. *Id.* at 15. Becker asserts that he suffered damages due to Berryhill's negligent actions and explains that he is suing Berryhill both in her official and individual capacity. *Id.* at 18. Finally, Becker amended his request for relief to also include a request "to enjoin the Social Security Administration from issuing 'Directed Attacks' against Bexar County Veterans with the Abrupt termination and or

---

[4] Becker also moves to strike Berryhill's motion for "failing to properly serve." Dkt. No. 11 at 2. But pursuant to the certificate of service attached to the motion, Berryhill properly served a copy of the motion on Becker via mail using the address on file with the Court. *See* Fed. R. Civ. P. 5(b)(2)(C). Moreover the record reflects that Becker received a copy of the motion. Accordingly, the undersigned declines to strike Berryhill's motion.

suspension of their Disability Pensions absent access and opportunity to a full and fair trial before a United States Judge within proper Jurisdiction." *Id.* at 26.

The same day he filed his amended complaint, Becker filed an Emergency Motion for Prohibitory Injunction, Temporary Injunction, or Alternatively Temporary Restraining Order. Dkt. No. 10. By way of this motion, Becker seeks an injunction prohibiting the "systematic generation of Disability termination letters and sending those letters to Bexar County Veterans." *Id.* at 5. According to Becker, letters such as the one he received on August 20, 2017 cause veterans to suffer irreparable injury that cannot be repaired by retroactive monetary compensation. *Id.* at 3-4.

## II.     Analysis

The Commissioner moves for dismissal pursuant to Rule 12(b)(1), arguing Becker has failed to exhaust his administrative remedies and that the case is now, in any event, moot. While the Fifth Circuit has not addressed the issue in the context of social security appeals, courts in other jurisdictions "tend to treat failure to exhaust or to show waiver of exhaustion of administrative remedies, as a failure to state a claim rather than a jurisdictional deficiency." *Harvey v. Colvin*, No. 1:13-CV-01957, 2015 WL 4078223, at \*5 (D.D.C. Jul. 1, 2015) (quotation marks omitted); *cf. Norah v. Leavitt*, No. CIV.A. 04-3155, 2005 WL 887282, at \*5 (E.D. La. Apr. 12, 2005) (granting defendant's 12(b)(1) motion to dismiss where plaintiff failed to exhaust her administrative remedies). Because the Supreme Court has held that administrative exhaustion is waivable, the Commissioner's motion should likely be considered as addressing a failure to state a claim upon which relief can be granted, rather than challenging the Court's subject matter jurisdiction. *See Escalera v. Comm'r of Soc. Sec.*, 457 Fed. App'x 4, 6 (2d Cir. 2011) (recognizing that because "the failure to exhaust is a waivable (i.e., non-jurisdictional)

requirement under Section 405(g)[,] . . . [d]ismissal  may not have been appropriate under Rule 12(b)(1)") (citations omitted).

*Exhaustion of Administrative Remedies*. It is undisputed that Becker failed to exhaust his administrative remedies before he filed this action in federal court. *See Eldridge*, 424 U.S. at 328 (claimant did not administratively exhaust his claim for benefits where he did not even seek reconsideration of the initial termination determination). The Commissioner has not waived Section 405(g)'s exhaustion requirement, and so Becker may only obtain judicial review if the Court judicially waives or excuses this requirement. *Id.* The Supreme Court in *Eldridge* explained that courts may waive the exhaustion requirement where the plaintiff's claim is "entirely collateral to his substantive claim of entitlement" and where the plaintiff can show "at least a colorable claim that an erroneous termination would irreparably harm him." *Id.* at 330-331. In *Bowen v. City of New York*, the Supreme Court further clarified the circumstances in which judicial waiver of exhaustion is appropriate. 476 U.S. 467 (1986). There, the Court explained that the "application of the exhaustion doctrine is 'intensely practical.'" *Id.* at 484 (quoting *Eldridge*, 424 U.S. at 332 n. 11). Accordingly, "[t]he ultimate decision of whether to waive exhaustion should not be made solely by mechanical application of the *Eldridge* factors but should also be guided by the policies underlying the exhaustion requirement." *Id*. Becker likely cannot satisfy the first *Eldridge* factor and, regardless, practical considerations disfavor waiving the exhaustion requirement here.

First, Becker requests both a hearing and reinstatement of benefits, which means he is asserting a substantive claim for benefits through this litigation. *See Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999) (even though claims were presented as constitutional claims, they were inextricably intertwined with a claim of entitlement

to benefits and therefore subject to § 405(g)'s exhaustion requirement).[5] Becker's challenge here is therefore not collateral to his substantive claim of entitlement, and the Court could refuse to waive the exhaustion requirement on this ground alone.

Moreover, practical considerations do not merit waiving or excusing exhaustion in this case. Exhaustion "allows the agency to develop a factual record to apply its expertise to a problem to exercise its discretion, and to correct its own mistakes." *Justiniano v. Soc. Sec. Admin.*, 876 F.3d 14, 26 (1st Cir. 2017). In other words, "an agency should be given a chance to rectify a litigant's problems and save judicial time and effort." *Id.* at 30 (quotation marks omitted). That is exactly what has happened here. Less than a month after Becker filed suit, the Social Security Administration reinstated Becker's benefits, along with back pay. Accordingly, practical considerations weigh against waiving the exhaustion requirement. *See id.* (finding judicial waiver of the exhaustion requirement was not warranted where the Social Security Administration presented evidence suggesting the plaintiffs' chances of obtaining benefits were "substantial" and, therefore, determining that the agency should be provided an opportunity "to rectify" the issue). They instead favor encouraging those aggrieved like Becker to raise and pursue their grievance with the agency in the first instance so as to prevent the need for judicial review.

In sum, this action should be dismissed for failure to administratively exhaust.

*Mootness*. Having determined that this action should be dismissed, the undersigned need not address the Commissioner's mootness argument. Were it necessary to address this argument,

---

[5] *Cf. Eldridge*, 424 U.S. at 325 (finding plaintiff's claims were collateral even though the plaintiff sought an immediate reinstatement of benefits *pending* a hearing on the issue of his disability); *Himmler v. Califano*, 611 F.2d 137, 148 (6th Cir. 1979) (recognizing that the case came within the "narrow limits in which review is permitted under *Salfi* and *Eldridge*" because the "ultimate question" was whether the plaintiffs and their class had been accorded due process, not whether they were actually eligible for benefits).

the undersigned would likely conclude that the Commissioner's October 3, 2017 decision to reinstate Becker's benefits and provide him with back pay moots this action. Becker does not dispute that his benefits were fully reinstated and that he was properly retroactively compensated. Becker, however, argues that this case is not moot because (1) he suffered emotional damages resulting from the termination of his benefits; (2) the Social Security Administration has failed to enact safeguards to prevent such a situation from re-occurring; and (3) Bexar County veterans as a whole are in "imminent danger" due to the systematic termination of their benefits. *See* Dkt. No. 15 at 7-8, 11. While the undersigned is sympathetic to Becker's situation and the emotional distress he alleges he suffered, none of his arguments would appear to prohibit a finding of mootness.

"As a general rule, any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 527 (5th Cir. 2008) (quotation marks omitted). Although "[a] case should not be declared moot as long as the parties maintain a concrete interest in the outcome and effective relief is available to remedy the effect of the violation," *id.*, any actionable harm for which Becker sought redress appears to have been remedied. Monetary damages for the emotional injuries Becker alleges he suffered are not available either against the Social Security Administration or the Commissioner in her individual capacity. *See Schweiker v. Chilicky*, 487 U.S. 412, 429-30 (1988) (recognizing that "suffering months of delay in receiving the income on which one has depended for the very necessities of life cannot be fully remedied by the 'belated restoration of back benefits," but ultimately concluding that monetary damages against officials responsible for unconstitutional conduct leading to a wrongful denial of benefits are not permitted by the Social Security Act); *Small v. Colvin*, No. CV H-14-790, 2015 WL 12551992,

8

at *8 (S.D. Tex. Jul. 29, 2015), *report and recommendation adopted*, 2015 WL 12586075 (S.D. Tex. Aug. 17, 2015) (doctrine of sovereign immunity barred plaintiff's Section 1981 and ADA claims against the Social Security Administration; Congress has only waived sovereign immunity with respect to a district court's review of a Commissioner's decision under § 405(g)). Nor does Becker's concern that "the absence of constitutional[ly] required procedural safeguards" puts him at a "high risk of future injury," Dkt. No. 11 at 12, render this a live case or controversy. *See, e.g.*, *Burton v. Bowen*, 815 F.2d 1239, 1241 (8th Cir. 1987) (plaintiffs' claims rendered moot where benefits had been reinstated, notwithstanding fact that their benefits will be reviewed again within the next three years).

Similarly, Becker's request for injunctive relief to prevent his and other veterans' benefits from being wrongfully terminated in the future is not ripe for review; it relies on his fear of future non-imminent, contingent events. *See Lopez v. City of Houston*, 617 F.3d 336, 342 (5th Cir. 2010) ("If the purported injury is 'contingent [on] future events that may not occur as anticipated, or indeed may not occur at all,' the claim is not ripe for adjudication.") (quoting *Thomas v. Union Carbide Agric. Prods. Co*., 473 U.S. 568, 580-81 (1985)). Absent a continuing live case and controversy, which is not present here, the Court lacks jurisdiction.

*Exclusivity of Section 405(g)*. Because Becker's claims "arise under" the Social Security Act, *i.e.,* the Act provides "the standing and the substantive basis" for his claims, Becker's claims "may be heard in federal court only if [he is] in compliance with Section 405(g)." *Justiniano*, 876 F.3d at 22-23 (citing *Salfi*, 422 U.S. at 760-61 and *Shalala v. Illinois Council on Long Term Care, Inc*., 529 U.S. 1, 11-14 (1999)). Accordingly, Becker's contentions that other federal statutes, including 28 U.S.C. § 1331, the Administrative Procedures Act, 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 552(a)(4)(c), and the Mandamus Act, 28 U.S.C. 1361, bestow

federal jurisdiction are without merit. *See, e.g., Califano v. Sanders*, 430 U.S. 99, 105 (1977) (noting, "the APA is not to be interpreted as an implied grant of subject-matter jurisdiction to review agency actions"); *Green v. Heckler*, 742 F.2d 237, 241 (5th Cir. 1984) (rejecting plaintiff's contention that the district court had jurisdiction over challenge to the administrative denial for emergency advance payments by the Social Security Administration pursuant to 28 U.S.C. § 1331 or 28 U.S.C. § 1361 because "[e]ither review is available under section 405(g) for Social Security claims, or review is precluded completely"). For all these reasons, this case should be dismissed.

## III. Conclusion

The undersigned **RECOMMENDS** that the District Court **GRANT** Defendant Berryhill's Motion to Dismiss, Dkt. No. 8, and **DENY** Becker's Emergency Motion for Prohibitory Injunction, Temporary Injunction, or Alternatively Temporary Restraining Order, Dkt. No. 10.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, **IT IS ORDERED THAT** the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party

shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

       **IT IS SO ORDERED**.

       SIGNED this 20th day of August, 2018.

                           RICHARD B. FARRER
                           UNITED STATES MAGISTRATE JUDGE