IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DIVISION

|  |  |  |
|---|---|---|
| BRUCE BECKER,<br>　　　　　*Plaintiff*,<br><br>vs.<br><br>ANDREW SAUL, COMMISSIONER OF<br>SOCIAL SECURITY,[1]<br>　　　　　*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 5-17-CV-00892-FB-RBF |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the status of this case following the Fifth Circuit's reversal and remand for further proceedings. *See* Dkt. No. 41. Following remand, the District Court re-referred this action pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 42. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1).

For the reasons set forth below, this case should be **DISMISSED** for lack of jurisdiction.

### Background

The original Report and Recommendation, urging dismissal of this action due to a failure to administratively exhaust under 42 U.S.C. § 405(g), issued on August 20, 2018. *See* Dkt. No. 17. It described in some detail the background and circumstances of this action challenging the decision of the Commissioner of Social Security that suspended Becker's disability-insurance

---

[1] Andrew Saul is now Commissioner of Social Security. *See* Fed. R. Civ. P. 25(d).

benefits as of August 2017. In addition to noting that Becker's challenge to the suspension of his benefits should be dismissed for failure to exhaust administrative remedies, the Report and Recommendation also noted that Becker's claims appeared to be moot. *Id.* at 7-9. Finally, the Report and Recommendation determined that jurisdiction for Becker's challenge stemmed from the Social Security Act and that "Becker's contentions that other federal statutes, including 28 U.S.C. §1331, the Administrative Procedures Act, 5 U.S.C. §552(a)(4)(B) and 5 U.S.C. § 552(a)(4)(c), and the Mandamus Act, 28 U.S.C. [§] 1361, bestow federal jurisdiction are without merit." *Id.* at 10-11.

The timeline of events then became somewhat complicated. The District Court adopted the Report and Recommendation on September 6, 2018, and ordered the case dismissed. *See* Dkt. No. 24, 25. Becker then appealed to the Fifth Circuit from that dismissal. But while Becker's case was on appeal, the Fifth Circuit issued, on May 10, 2019, a slip opinion in *In re Benjamin*, 924 F.3d 180 (5th Cir. 2019) (withdrawn). In that later-to-be-withdrawn slip opinion, the Court announced that judicial review under § 405(g) is limited to cases where the plaintiff challenges "'(1) a disability determination by the Commissioner (2) for which the statute requires a hearing.'" Dkt. No. 41 at 3 (quoting the slip opinion from *In re Benjamin*, 924 F.3d 180, 188 (5th Cir. 2019)). The appeal in this case—*i.e.*, Becker's case—then came to the attention of the Fifth Circuit.

In reversing and remanding here, the Fifth Circuit noted that because of the timing of the initial dismissal of Becker's case, the District Court "understandably concluded Becker was subject to § 405(h)'s channeling and jurisdiction-stripping provisions." Dkt. No. 41 at 3. But *In re Benjamin*, 924 F.3d 180 (5th Cir. 2019), required, the Fifth Circuit explained, reversal and remand because Becker does not appear to challenge "an initial benefits determination" but

instead "a later decision to suspend his benefits." Thus, the Fifth Circuit reasoned in reliance on *In re Benjamin*, 924 F.3d 180 (5th Cir. 2019), Becker would not be "subject to § 405(h)'s channeling and stripping provisions" but also "could not rely on § 405(g) to bring his claims." Ultimately, the Fifth Circuit instructed in Becker's appeal that

> On remand, the district court should consider whether Becker's claims must be channeled through § 405(g) and (h) in the first instance, and, if not, whether it has jurisdiction to consider Becker's claims based on the other alleged sources of jurisdiction.

Dkt. No. 41

Meanwhile, a petition for rehearing had gained traction in *In re Benjamin*, and the panel issued a new opinion on July 25, 2019, and it withdrew its prior opinion. *In re Benjamin*, 932 F.3d 293, 294 (5th Cir. 2019) (*In re Benjamin II*). In the new *In re Benjamin II* opinion, the Fifth Circuit held that "where an individual is *not* challenging a decision regarding his entitlement to benefits made after an application for payment and therefore *not* receiving the statutorily-prescribed hearing under subsection (b)(1), his claim never gets channeled under § 405(h)'s second sentence or reviewed by a court under § 405(g)." *Id.* at 301(emphasis in original). Claims that are "primarily about [ ] entitlement to benefits," the Court explained, would be subject to judicial review under § 405(g) and channeled by § 405(h)." *Id.* at 302. Other kinds of claims would not. *Id.* Becker's appeal wasn't revisited by the Fifth Circuit based on this new reasoning. Thus, the judgment and mandate of the Fifth Circuit in Becker's appeal issued on November 13, 2019, premised on the original and since-withdrawn slip opinion from *In re Benjamin*, 924 F.3d 180 (5th Cir. 2019).

Once Becker's case returned to District Court on remand, the parties were directed to file briefs addressing the Court's jurisdiction and, specifically: "(1) whether § 405(g) and (h) apply, (2) what basis there is for federal jurisdiction, especially if those provisions do not apply,

and (3) whether the case is now moot." Dkt. No. 43. The Commissioner filed a brief on April 2, 2020. Becker did not file a brief.

## Analysis

A. *Mootness.* This case should be dismissed as moot. The Court has a continuing obligation to examine its jurisdiction. *McCorvey v. Hill*, 385 F.3d 846, 848 (5th Cir. 2004). If a case becomes moot, the Court lacks jurisdiction to entertain it. *Id*. at 848-50. "As a general rule, any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Envt'l Conservation Org. v. City of Dallas*, 529 F.3d 519, 527 (5th Cir. 2008) (quotation marks omitted). Here, intervening circumstances have fully restored Becker's entitlement to benefits, and he has been reimbursed for benefits lost during the period in question when they were suspended. *See* Dkt. No. 45 at 7-8 ("[T]he Agency has reinstated Plaintiff's ongoing entitlement to benefits and has paid Plaintiff past-due benefits for the time period addressed in Plaintiff's Complaint."); Dkt. No. 17 at 8 ("Becker does not dispute that his benefits were fully reinstated and that he was properly retroactively compensated."). In other words, "there are no longer adverse parties with sufficient legal interests to maintain the litigation," and the case is moot. *Chevron U.S.A., Inc. v. Traillour Oil Co*., 987 F.2d 1138, 1153 (5th Cir. 1993). Becker's attempts to bring other claims, discussed in some detail in the Report and Recommendation, do not alter this conclusion or relieve this case from being moot, for all the reasons discussed in that Report and Recommendation. *See* Dkt. No. 17 at 7-9.

In response to the Commissioner's mootness argument, Becker previously urged that the Court has jurisdiction because (1) he suffered emotional damages resulting from the temporary termination of his benefits; (2) the Social Security Administration has failed to enact safeguards to prevent such a situation from recurring; and (3) Bexar County veterans as a whole are in

"imminent danger" due to a systematic termination of their benefits. *See* Dkt. No. 15 at 7-8, 11. As discussed in some detail in the prior Report and Recommendation, these arguments are without merit. *See* Dkt. No. 17 at 8-9. For the reasons discussed in that prior Report and Recommendation, which are adopted herein to support the present recommendation, those arguments fail to provide any valid basis for jurisdiction in this case.

B.     *It Remains Unclear Whether Dismissal Is Warranted for a Failure to Exhaust.* The Commissioner urges that this case should again be dismissed for a failure to exhaust. Becker's underlying challenge addresses his entitlement to receive (or continue receiving) benefits. Under some of the language in *In re Benjamin II*, 932 F.3d 293, 294 (5th Cir. 2019), it appears that Becker's claims here could be subject to the provisions of § 405(h) that require exhaustion. *In re Benjamin II* speaks in terms of claims that are "primarily about [ ] entitlement to benefits," and that language could be said to describe Becker's claims here. *Id*. at 302. But it also appears that Becker's benefits were terminated (or suspended) without any opportunity for Becker to challenge that determination at a pre-termination hearing held, and so other language in *In re Benjamin II* points to a different outcome on exhaustion. Recall that the Fifth Circuit also explained in *In re Benjamin II* that "where an individual is *not* challenging a decision regarding his entitlement to benefits made after an application for payment and therefore *not* receiving the statutorily-prescribed hearing under subsection (b)(1), his claim never gets channeled under § 405(h)'s second sentence or reviewed by a court under § 405(g)." *Id.* at 301(emphasis in original). To sum up, one could say Beker is challenging a decision regarding his entitlement to benefits, although it's not an initial decision but rather a termination or suspension of benefits. At the same time, Becker did not receive a hearing prior to his benefits being cut off. Becker was afforded an opportunity to appeal the termination decision, but it is unclear whether such an appeal is the type of "hearing" discussed in *In re Benjamin II*.

Because the Court lacks jurisdiction over this case, this puzzle about exhaustion need not be solved today. *See McCorvey*, 385 F.3d at 849 n.4 (noting impropriety of reaching substantive issues once case becomes moot).

### Conclusion and Recommendation

For the reasons discussed above, it is recommended that this case be dismissed for lack of jurisdiction.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).

Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

SIGNED this 30th day of July, 2020.

RICHARD B.  FARRER
UNITED STATES MAGISTRATE JUDGE
SIGNED this 30th day of July, 2020.